## Case No. 5,216.

GARD et al. v. DURANT et al.

[4 Cliff. 113.] [1]

Circuit Court, D. Rhode Island. June Term, 1869.

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

Charles Tracy, for defendant and petitioner.

CLIFFORD, Circuit Justice. Provision was made by section 12 of the judiciary act for the removal of certain causes pending in the state courts into the circuit court for trial within the same district, and the directions were that the cause should then proceed in the same manner as if it had been brought there by original process. 1 Stat. 93.

Federal officers, or other persons also, against whom any suit or prosecution was commenced in a court of any state, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, title, or authority set up or claimed by such officer or other person under any such federal law, might also, by section 3 of the act of March 2, 1833, transfer the same into the circuit court of the United States in and for the district in which the defendant in sucn suit or prosecution was served with process, in the manner and through the proceedings therein mentioned and described. 4 Stat. 633.

Special provision is also made by section 2 of the act of July 27, 1868, "that any corporation, or any member thereof, other than a banking corporation organized under a law of the United States, and against which a suit at law or equity has or may be commenced in any court other than a circuit or district court of the United States, for any lia-

bility or alleged liability of such corporation, or any member thereof, as such member, may have such suit removed from the court in which it may be pending to the proper circuit or district court of the United States." 15 Stat. 227.

Strangely expressed as the section is, it is matter of some doubt as to what congress intended, and what they have accomplished by the provision. Nothing contained in section 1 affords any aid in ascertaining the meaning of section 2, as section 1 merely provides that the United States may prosecute writs of error from the circuit court to the district court, and appeals from the district court to the circuit court, without giving security, as previously provided in respect to writs of error and appeals returnable to the supreme court. 12 Stat. 657.

Application for such removal must be made by petition; but the petition may be filed either before or after issue joined, and it must state that the defendants have a defence arising under or by virtue of the constitution, or some treaty or law of the United States, and the defendants must offer good and sufficient surety for entering in such court, on the first day of its then next session, copies of all process, pleadings, depositions, testimony and other proceedings in said suit, and for doing such other appropriate acts as are required to be done by the act to which this one is supplementary. 12 Stat. 657.

Much of the difficulty in the case arises from the first clause in the section under consideration, which enacts that any corporation, or any member thereof, against which a suit has been or may be commenced, &c., may have such suit removed. Evidently the petition for removal must be filed by the defendant in the suit, but the question is whether the defendant is either the corporation or any member thereof, or only the corporation organized under a law of the United States. The language of the act is "any corporation, or any member thereof, against which a suit has been or may be commenced." Does the word "which" refer only to the organized corporation, or does it refer both to the corporation and to any member thereof, as the language, taken literally, seems to imply?

Considered grammatically, the word "which" should be restricted to the corporation, and yet the latter clause of the section pretty clearly indicates that such was not the intention of congress, as appears from the statements required to be made in the petition as to the nature and character of the defence which would justify the removal, as well as from the nature and character of the suit. By the language of the section, the suit must be one for a liability or alleged liability of the corporation or "any member thereof" as such member, and the defence must be one arising under or by virtue of the constitution or any treaty or law of congress.

No one doubts that a suit may be prosecuted against a corporation for its own liabilities, but it is past comprehension how a suit can be sustained against a corporation for the liability of one of its members.

Laws which subject a corporation to accountability for the conduct and acts of its members, as such, make the corporation itself liable, and a prosecution therefor would not be based on any liability of the member, but upon the liability of the corporation arising from the conduct and acts of the member as the agent of the corporation. Viewed in the light of these suggestions, it cannot be admitted that the provision in question was intended to apply to suits against any such corporation, for any liability or alleged liability of any member of the corporation.

Incorporated companies are made accountable for the acts and conduct of their members, when the members are acting on behalf of the corporation and by its authority, because their acts in that state of the case become the acts of the corporation itself. Redress for such acts, against the corporation, however, is not sustained, and does not depend upon any liability of the member, but upon the original liability of the corporation, created by the acts and doings of the member in their behalf.

Consonant with these views, the word "which" must be considered as the antecedent of the word "member," as well as the antecedent of the word "corporation," and the whole section must be construed distributively, so that the several provisions respecting the removal of the suit from the state court to the proper circuit or district courts shall be equally applicable, whether the suit pending in the state court be one against the corporation described in the section, answering for its own liabilities, or one where a member of such corporation is sued upon the ground that he is personally liable for the debt or other obligation of the corporation. When the corporation is the defendant, the petition for the removal must be filed in their behalf, but when the pending suit is brought against a member of the corporation upon the ground that he is personally liable for the debt of the corporation, he, as the defendant in the suit, may file the petition and claim to have the cause removed.

Statutes making the members of a corporation liable in certain contingencies for the debts of the corporation, in whole or in part, are familiar to the courts in all the states, and the true meaning of the alternative clause of the sentence is, that any member of the corporation, when sued as such member for the debt of the corporation, may have the same right to remove the cause into the proper circuit or district courts as the corporation would have had if they had been sued for the same debt. Construed in this

way, the provision is a reasonable one, but it would be contrary to any analogy of the law to hold that a member of a corporation, by reason of his membership, might remove a suit brought against a corporation, without their consent, to which he was not otherwise a party than as a member of the incorporated company.

Control belongs to the corporation by the general rules of law, and it is believed that no example can be found where a legislature ever authorized a single member of an incorporated company to take the management of a suit against the company out of the hands of the corporation and of its directors, unless it were in pursuance of a decree in chancery, or other regular judicial proceeding. Such a rule of law, if admitted, would be productive of such great injury and wrong to the other members of the corporation and other parties interested, that the construction ought not to be adopted unless it is compelled by the most direct and positive language of the legislative department, which certainly is not the case in the provision now under consideration; on the contrary, the succeeding clause of the same sentence, "or any member thereof, as such member," affords a strong ground to conclude that such was not the intention of congress. Omit these words from the section, and it would read "any corporation or any member thereof . . . against which a suit at law or equity has been or may be commenced . . . for any liability or alleged liability of such corporation . . . may have such suits removed in the manner therein prescribed." If such had been the terms of the section, it is plain that it would have authorized any member of a corporation, as well as the corporation, to file the petition for the removal of the suit, but the words "any member thereof, as such member," are superadded to that clause of the sentence which describes the nature and character of the suit or suits to be removed, and it is quite clear that the sentence, taken as a whole, indicates that more than one description of suit is embraced in the provision, and that the intention of congress was not such as is supposed by the petitioner in the case.

Examined in the light of these suggestions, the better opinion is, that congress intended that suits against a corporation should be controlled by the corporation, but that any member of a corporation, when sued, as such member, in a state court for any liability or alleged liability of the corporation, might himself petition and have the suit removed into the proper circuit or district courts of the United States.

Guided by this construction of the provision in question, it will only be necessary to recur to the nature and character of the alleged liability of the petitioner, as set forth in the respective bills of complaint to show what disposition must be made of the petition. He is not sued, in either suit, for any liability or alleged liability by reason of his being a member of the Union Pacific Railroad Company. Neither of the claims, as alleged against him by the respective bills of complaint, is as a member of that corporation, but both are for his own alleged misconduct, and mismanagement of the funds of the company as an agent and officer of the same; and his liability as therein set forth is by reason of his own fraudulent conduct in his position as vice-president of the company, and not by reason of the fact that he is a member of the corporation. Assuming the true construction of the act to be as before explained, he does not present his case, as exhibited in his petition, as falling within the provisions of the act of congress on which he relies, and the petition makes no valid case for the removal of the suits.

Suppose that the facts were otherwise, and that the claims against the petitioner, as set forth in the respective bills of complaint, are for an alleged liability on his part as a member of the corporation, still the result in this case must be the same, as the petitioner is the only defendant requesting the suit to be removed, who under any circumstances could file such a petition, as the Union Pacific Railroad Company refuses to join in the petition, and protests against the removal of the suits. Undoubtedly the petitioner might claim to have the suits removed if he was the sole defendant, but he is joined with the railroad company, which protests against the removal, and with the Credit Mobilier, a corporation created by the state of Pennsylvania, and consequently it is not a corporation organized under the laws of the United States. 15 Stat. 227.

Such being the facts, the circuit court here has no jurisdiction of the case presented in the petition, as only one of the defendants requests the removal.

Causes pending in the state courts could never be removed by the defendants into the circuit courts, unless all the defendants joined in the request, except as provided in the act of July 27, 1866, which it is conceded has no application to the case before the court. 14 Stat. 306.

Prior to that act of congress, the rule was fully established that the removal of a suit from a state court to the circuit court could not be ordered unless all the defendants joined in the petition for the removal, and there is nothing contained in the second section of the act under consideration which can afford any justification for a departure from that well-established rule.

The express ruling of the court in the case of Beardsley v. Torrey [Case No. 1,190], was that the circuit court could not take cognizance of a suit, in a cause removed from a state court, where it appeared that one of the defendants had not joined in the petition.

Prayer of the petition for removal denied.Case No. 5,217.for the same, into the circuit court, for the reason that it was not competent for one defendant to remove the cause without the consent of all the others. Precisely the same doctrine was laid down in the case of Smith v. Rines [Id. 13,100], and in the case of Ward v. Arredondo [Id. 17,148],—which cases are sufficient to show that the practice under the judiciary act was all one way. Kitchen v. Strawbridge [Id. 7,854].

Convenience is the principal argument in support of the opposite theory; but that argument was urged upon the court in the case of Beardsley v. Torrey [supra], and the reply then given to the argument is all that need be given at the present time, which was that the judiciary must execute the laws as they were passed, and the court cannot proceed upon the grounds of expediency.

Prayer of the petition for removal denied.